UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BNSF RAILWAY COMPANY,

        Plaintiff,

    v.

GILSTER-MARY LEE CORPORATION,

        Defendant.

Case No. 15-cv-250-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Gilster-Mary Lee Corporation's ("GML") motion to stay this case (Doc. 9).   Plaintiff BNSF Railway Company ("BNSF") has responded to the motion (Doc. 12).

This case arose after a BNSF employee, Cecil A. Parrish, was injured while working for BNSF at GML's rail yard.   Parrish filed a lawsuit against BNSF under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*:   *Parrish v. The Burlington Northern and Santa Fe Railway Company*, No. 13-cv-1054-JPG-SCW.   In the case at bar, BNSF seeks to hold GML liable for the costs of defending in *Parrish* and for any damages that may be awarded in that case.   It believes a written Industry Track Agreement obligates GML to provide such indemnity for injuries that occurred on GML's property.   BNSF also believes GML has breached the Industry Track Agreement by failing to name BNSF as an additional insured on an insurance policy that would have covered the defense liability in *Parrish*.   BNSF tendered the defense of the case to GML and asked GML to initiate an insurance claim, but it appears GML refused.

GML asks the Court to stay this case pending the outcome of *Parrish*.   It argues that this suit is not ripe until BNSF incurs liability for Parrish's injury.   It also believes it needs a jury finding about the relative liability between BNSF and GML to properly apportion liability between them.   On the

other side, BNSF believes this case is ripe because BNSF has incurred, and continues to incur, costs in defending the suit and paying Parrish's medical bills and because it is currently being denied the insurance coverage GML promised to obtain.

The Court agrees with BNSF.   It is true that "a cause of action on an indemnity agreement does not arise until the indemnitee either has had a judgment entered against him for damages, or has made payments or suffered actual loss."   *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 538 N.E.2d 530, 539 (Ill. 1989).   However, depending on the indemnity agreement, "ma[king] payments or suffer[ing] actual loss" can include losses other than a final judgment for damages.

In this case, the Industry Track Agreement provides that GML will obtain certain insurance and will name BNSF as an additional insured on the policy.   Industry Track Agreement § 7(a) (Doc. 1-1 at 3).   It also provides that GML will indemnify and hold BNSF harmless from claims on account of injuries connected with the use of the track in GML's rail yard.   *Id.* at § 8.(a) (Doc. 1-1 at 4).   The Industry Track Agreement further provides that GML will assume BNSF's defense in lawsuits brought against it for the aforementioned claims.   *Id.* at § 9(e) (Doc. 1-1 at 5).

Prior to judgment, BNSF has incurred defense costs and other costs for which GML may be liable under these provisions and/or for which GML may have been obligated to obtain insurance covering BNSF as an additional insured.   Because BNSF alleges it has made payments and suffered actual loss from Parrish's injury, this action is ripe for adjudication and should not be stayed.

Furthermore, the Court believes it may be advantageous to move forward with *Parrish* and this case at the same time.   *Parrish* is close to trial and is set for a settlement conference in a few weeks.   The Court believes settlement would be more likely with all those potentially liable for Parrish's injuries involved in the settlement discussions.   Accordingly, rather than staying the

case at bar, it will order that the magistrate judge assigned to this case be changed from Magistrate Judge Donald G. Wilkerson to Magistrate Judge Stephen C. Williams, who is assigned to *Parrish* and who has been involved with that case since its inception.   All future filings shall bear case number 15-cv-250-JPG-SCW.   Magistrate Judge Williams will be able to coordinate discovery and settlement discussions in the two cases a way that he believes is most equitable and most likely to result in an efficient resolution of both cases.

For the foregoing reasons, the Court:

- **DENIES** GML's motion to stay (Doc. 9); and

- **ORDERS** that the magistrate judge assigned to this case be changed to Magistrate Judge Williams in light of the close relationship of this case and *Parrish*.

**IT IS SO ORDERED.**
**DATED:   May 19, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**