UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BNSF RAILWAY COMPANY,

    Plaintiff,

  v.

GILSTER-MARY LEE CORPORATION,
ACE AMERICAN INSURANCE
COMPANY and ACE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendants.

Case No. 15-cv-250-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 107) of Magistrate Judge Stephen C. Williams recommending that the Court grant in part plaintiff BNSF Railway Company's ("BNSF") motion for sanctions (Doc. 96) and, pursuant to Federal Rule of Civil Procedure 37(c)(2), award half of the reasonable attorney's fees and costs for two depositions needed because defendant Gilster-Mary Lee Corporation's ("GML") failed to conduct a reasonable inquiry and to admit facts relating to a pry bar on its premises. BNSF submitted a statement of the amount of the sanctions recommended: $622.88 ((($355.00/hour x 2.1 hours) + $500.27 deposition cost) ÷ 2) (Doc. 108). GML has objected to Magistrate Judge Williams's finding that it did not conduct a reasonable inquiry before failing to admit facts but states that it will pay the $622.88 assessed in connection with the depositions of Elmer Patten and Paul Spieth (Doc. 122).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made.

*Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The subject of the Report is GML's responses to requests to admit that it owned the pry bar involved in the accident underlying this dispute about relative liability, that GML's employees had seen BNSF's employees use the pry bar, and that GML did not prohibit BNSF's employees from using the pry bar. GML originally responded that it lacked knowledge about the ownership of the pry bar, and it denied its employees had seen BNSF employees use the pry bar. The depositions of Patten and Spieth, former GML employees now working for the new owner of the former GML plant, revealed these responses to be untrue; GML owned the pry bar involved in the injury, and its employees had seen BNSF employees use the pry bar. GML ultimately amended its responses.

GML objects to Magistrate Judge Williams's finding that it did not make a reasonable inquiry when responding to BNSF's requests to admit, the basis for his recommendation for a fee and expense award, but it has agreed to pay the award. Thus, its objection is immaterial to the ultimate recommendation to make the award and there is no further controversy related to the adequacy of GML's answers to the requests to admit.

Even if GML's objections had been material, the Court would have rejected them under a *de novo* review. First, while there is generally no obligation to seek information from independent third parties before responding to requests for admissions, "[u]nder certain circumstances, parties may be required to inquire of third parties to properly respond to requests to admit." *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *2 (N.D. Ill. Apr. 28, 2003). Such circumstances exist where, for example, the respondent and the third party have

parallel interests and have been closely cooperating in discovery in related cases, *id.* (citing *In re Gulf Oil/Cities Serv. Tender Offer Litigation,* Nos. 82 Civ. 5253, 87 Civ. 8982 (MBM), 1990 WL 657537, at *3-4 (S.D.N.Y. May 2, 1990)), where respondent can respond by getting information from co-defendants without extraordinary expense or effort, *id.* (citing *Al-Jundi v. Rockefeller,* 91 F.R.D. 590, 593-94 (W.D.N.Y. 1981), where "there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party," *Uniden Am. Corp. v. Ericsson Inc.,* 181 F.R.D. 302, 304 (M.D.N.C. 1998), where the third party is the respondent's family member, *Jones v. Syntex Labs., Inc.*, No. 99 C 3113, 2001 WL 1338987, *3 (N.D. Ill. 2001), or where the third party is a former employee without any adverse interest to the respondent, *Brown v. Arlen Mgmt. Corp.,* 663 F.2d 575, 580 (5th Cir. 1981).

      Here, there was a prior relationship between GML and its former employees – Patten and Spieth were actually agents of GML at the time of the underlying injury – and there is no indication of any current adverse interest.   Indeed, it appears GML's counsel prepared Patten and Spieth for (and possibly represented them in) their depositions.   Def.'s Obj. 5 ("On March 18, 2016, at an in-person meeting between Mark Wolfe (counsel for Gilster-Mary Lee) and current and former Gilster-Mary Lee employees to prepare for depositions. . . .").   It does not appear it would have required extraordinary expense or effort for GML to have spoken to them about the pry bar before answering BNSF's interrogatories.   Thus, their information was "readily available" to GML, and GML's failure to obtain it does not amount to a reasonable inquiry.

      GML next argues the Report fails to acknowledge BNSF would have taken the depositions

of Patten and Spieth regardless of GML's responses to the requests to admit. While this may be true, BNSF would not have had to prepare and ask questions about the pry bar had GML timely admitted facts. The Report implicitly acknowledges this by recommending that GML only pay *half* of the cost of the depositions and the time of one attorney rather than all the expenses and fees.

Finally, GML gripes because BNSF failed to contact Magistrate Judge Williams by telephone to try to resolve the discovery dispute before filing their motion, as GML believes was required by Magistrate Judge Williams's scheduling and discovery order. GML cites the paragraph in Magistrate Judge Williams's order relating to motions to compel for the purpose of seeking additional discovery, but BNSF's motion was for sanctions and/or expenses, not additional discovery. Thus, the cited provision arguably did not even apply to this situation. The Court firmly believes that Magistrate Judge Williams is in the best position to determine whether his own order was violated, and he clearly did not find it was in this case.

There being no material objection, and the Court having conducted a *de novo* review of the matter, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 107);

- **OVERRULES** GML's objections (Doc. 122);

- **GRANTS in part** BNSF's motion for sanctions (Doc. 96);

- **ORDERS** that GML shall pay BNSF half of the reasonable attorney's fees and costs for the depositions of Elmer Patten and Paul Spieth ($622.88); and

- **DENIES** the motion for sanctions (Doc. 96) in all other respects.

**IT IS SO ORDERED.**
**DATED: March 1, 2017**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**